**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUAN SYLVESTER BARNES,

      *Plaintiff*,

    v.

ROBERT J. CONTEE III *et al*.,

      *Defendants*.

Civil Action No. 19-2190 (TJK)

**<u>MEMORANDUM OPINION AND ORDER</u>**

In 2011, Metropolitan Police Department officers in the District of Columbia arrested Juan Sylvester Barnes on drug-related charges and seized about $5,000 in his possession. A few months later, the Drug Enforcement Administration adopted that seizure and began administrative proceedings to forfeit those funds to the United States. In April 2012, the funds were formally forfeited. In July 2019, Barnes sued to challenge that forfeiture. In his operative complaint, he sued in their official capacities the "ADA for D.C."—the U.S. Attorney for the District of Columbia— and the DEA, among others. The U.S. Attorney and the DEA move to dismiss and for summary judgment. Because the undisputed facts show that Barnes's lawsuit is untimely, the Court will grant the motion.

## I.    Background

In October 2011, Metropolitan Police Department officers arrested Barnes on drug-related charges and seized about $5,000 from him. ECF No. 19-1 ¶¶ 1–4; ECF No. 19-3 at 2–3. That same day, the U.S. Attorney for the District of Columbia filed charges against Barnes in the Superior Court of the District of Columbia. ECF No. 19-1 ¶ 4; *United States v. Barnes*, No. 2011 CMD 020047 (D.C. Super. Ct. Oct. 15, 2011); *see also* D.C. Code § 23-101(c).

In December 2011, the DEA adopted the seizure of funds and commenced administrative proceedings to forfeit them.  ECF No. 19-1 ¶ 6; *see also* 18 U.S.C. § 981 *et seq.*  In early January 2012, the DEA sent Barnes written notice of the seizure with instructions on how to contest the forfeiture by certified mail to the address of record it had for him, and the letter was signed for and accepted by Barnes's mother.  ECF No. 19-1 ¶ 7; ECF No. 19-2 at 10–11; ECF No. 21 at 6; ECF No. 24 at 3–4; *see also Barnes v. Med. Dep't Wash. Cnty. Jail*, No. DKC-12-1994, 2013 WL 4176961, at *2 (D. Md. Aug. 14, 2013).  Soon after that, realizing that it had misstated the amount of money at issue, the DEA resent written notice of the seizure with instructions on how to contest the forfeiture by certified mail to the same address that it had previously sent notice.  ECF No. 19-1 ¶¶ 10–11; ECF No. 19-2 at 13.  This time, the letter was returned as undeliverable.  ECF No. 19-1 ¶ 12; ECF No. 19-2 at 14.  The DEA also published a revised notice of the seizure in the Wall Street Journal for three successive weeks in February 2012, with the last such notice being published on February 21, 2012.  ECF No. 19-1 ¶ 13; ECF No. 19-2 at 15–17.  On April 9, 2012, having not received a properly executed claim, the DEA administratively forfeited the funds to the United States.  ECF No. 19-1 ¶ 17; ECF No. 19-2 at 18; *see also* 19 U.S.C. § 1609(b).

In March 2015, Barnes sued the DEA in the U.S. Court of Federal Claims, seeking to recover the forfeited funds.  ECF No. 19-1 ¶ 20; ECF No. 19-6 at 2; *Barnes v. United States*, 122 Fed. Cl. 581, 582 (Fed. Cl. 2015).  In July 2015, that court dismissed the case for lack of subject matter jurisdiction, among other reasons.  ECF No. 19-6 at 6; *Barnes*, 122 Fed. Cl. at 584.

In July 2019, proceeding pro se and *in forma pauperis*, Barnes filed this suit.  ECF No. 1. Because of several deficiencies with his original filing, Barnes was ordered to file an amended complaint by February 2021.  ECF No. 6 at 3.  In June 2021, Barnes filed an amended complaint. ECF No. 7.  In it, he sued the "ADA for D.C."—the U.S. Attorney for the District of Columbia—

and the DEA in their "official capacity," along with the Chief of the Metropolitan Police Department and "Officer John Doe." *Id.* at 1, 8; *see also* D.C. Code § 23-101(c). As relevant here, in that complaint he alleged that he "did not get due process"—that is, adequate notice—about the forfeiture of his funds and explained that he sought their return. ECF No. 7 at 5–7. Then the John Doe defendant was dismissed, and the case was assigned to the undersigned for further proceedings. ECF No. 8; Docket Entry of June 29, 2021.

After suing, Barnes wrote the DEA twice. *See* ECF No. 19-1 ¶¶ 17–19; ECF No. 19-4 at 4–13; ECF No. 19-5 at 2–5. In one of those letters, he said that he had "been writing [to the DEA] since 2012" to try to get his funds returned. ECF No. 19-1 ¶ 19; ECF No. 19-5 at 5.

Now, the U.S. Attorney for the District of Columbia and the DEA ("Federal Defendants") jointly move to dismiss or in the alternative for summary judgment, asserting several independent grounds on which they argue that Barnes's claim against them fails. *See* ECF No. 19 at 11–22.[1] The Court advised Barnes of the consequences of failing to respond to their motion, and Barnes later filed two responses. ECF No. 20; ECF No. 21; ECF No. 24.[2]

---

[1] Their deadline to respond to the operative complaint was originally January 7, 2022. *See* ECF No. 13; ECF No. 16 at 1. In December 2021, an Assistant United States Attorney ("AUSA") entered an appearance for the DEA and moved for an extension of time, which the Court granted. *See* ECF No. 15; ECF No. 16 at 1; Minute Order of December 30, 2021. On the day of the extended deadline, that same AUSA entered an appearance for the U.S. Attorney for the District of Columbia and then filed Federal Defendants' motion. *See* ECF No. 18; ECF No. 19 at 6 n.1, 23. In the motion, the AUSA explains that she had overlooked entering an appearance for the "ADA for D.C.," had thus failed to include the U.S. Attorney for the District of Columbia as a party seeking an extension of time in her prior motion, and moves *nunc pro tunc* for the same extension of time on behalf of the U.S. Attorney. ECF No. 19 at 6 n.1. Barnes does not oppose the requested extension. *See* ECF No. 21; ECF No. 24. The Court will grant it. *See* Fed. R. Civ. P. 6(b)(1)(B).

[2] After submitting these responses, Barnes also submitted an unsworn filing in which he requested a court order for certain "discovery" about his arrest—specifically, "police reports" and information about his arresting officers—that he suggested was needed to "provid[e]" a "genuine dispute" of "material fact." *See* ECF No. 35 at 1, 3. The Court rejected this request for several

## II.      Legal Standard

Under Federal Rule of Civil Procedure 56(a), a court must grant summary judgment if the movants show that there is no genuine dispute as to any material fact and the movants are entitled to judgment as a matter of law.  Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movant and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in his favor.  *See Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).

## III.     Analysis

Federal Defendants argue that Barnes's claim against them fails for several reasons.  *See* ECF No. 19.[3]  Among them, they argue that Barnes's claim is untimely.  The Court agrees.

In his operative complaint, Barnes seeks the post-forfeiture return of funds that the Metropolitan Police Department seized in relation to Barnes's Superior Court case and that the DEA later administratively forfeited to the United States.  *See, e.g.*, ECF No. 7 at 5; *see also* ECF No. 21 at 1.  Thus, the Court construes his claim against Federal Defendants as a claim to set aside the forfeiture under 18 U.S.C. § 983(e), which is the "exclusive remedy" for a party "seeking to set

---

reasons.  *See* Minute Order of August 25, 2022.  The Court also notes that none of this requested "discovery" would have any relevance to the Court's resolution of Federal Defendants' motion, which turns on facts that Barnes has not attempted to dispute or even suggested that he could dispute.  In any event, Barnes's request does not "show[] . . . that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to that motion.  *See* Fed. R. Civ. P. 56(d).  Thus, the Court will not "defer considering" it or otherwise delay its resolution.  *See id.*

[3] The Chief of the Metropolitan Police Department was not served until briefing on this motion was ripe.  *See* ECF No. 28 at 3.  He has since moved to dismiss.  *See* ECF No. 31.  The Court will separately address that motion.

aside a declaration of forfeiture" like the DEA's here.  18 U.S.C. § 983(e)(5); *United States v. Brown*, 185 F. Supp. 3d 79, 84 (D.D.C. 2016).[4]

Under § 983(e)(1), any "person entitled to written notice in any nonjudicial civil forfeiture proceeding who does not receive such notice" may move to "set aside a declaration of forfeiture with respect to that person's interest in the property."  The Court must grant such motion if "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."  18 U.S.C. § 983(e)(1).  That said, such a claim "may be filed not later than 5 years after the date of final publication of notice of seizure of the property."  *Id.* § 983(e)(3).

The parties do not dispute that final publication of notice of the seizure was February 21, 2012.  ECF No. 19-1 ¶ 13.  Thus, the five-year statute of limitations began to run at that time and expired in February 2017.  Barnes did not sue until July 2019.  *See* ECF No. 1.  Thus, his lawsuit was more than two years late, and his claim under § 983(e) is untimely.  *See, e.g.*, *Ford-Bey v. United States*, No. 19-cv-2039 (BAH), 2020 WL 32991, at *9 (D.D.C. Jan. 2, 2020).

Barnes does not explicitly argue for equitable tolling, and it is not clear that the February 2017 deadline under § 983(e)(3) is subject to equitable tolling.  *See Ford-Bey*, 2020 WL 32991, at *9.  After all, § 983(e)(3) "seems designed to cut off rights in full after a lengthy period of time

---

[4] Barnes's complaint could also be construed as seeking damages from Federal Defendants based on a procedural due process claim under the Fifth Amendment or an excessive-fines claim under the Eighth Amendment.  *See* ECF No. 7 at 7.  To the extent he raises such claims, the Court lacks subject matter jurisdiction over them because Federal Defendants, as agencies of the United States, are shielded from suit by the United States' sovereign immunity absent an applicable waiver and § 983(e)(1) is the only applicable waiver.  *See, e.g.*, *McKinney v. U.S. DOJ DEA*, 580 F. Supp. 2d 1, 2–4 (D.D.C. 2008); *Rangolan v. Dep't of Homeland Sec.*, No. 10-cv-391 (HHK), 2010 WL 908754, at *1 (D.D.C. Mar. 9, 2010); *see also FDIC v. Meyer*, 510 U.S. 471, 483–86 (1994).

for a person who failed to receive the requisite statutory notice." *Vazquez v. U.S. DEA*, 823 F.3d 280, 282 (5th Cir. 2016) (per curiam). But even assuming equitable tolling could apply here, Barnes has not shown that it should, and the undisputed facts show that it does not.

Equitable tolling is "appropriate only in rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Jackson v. Modly*, 949 F.3d 763, 778 (D.C. Cir. 2020) (internal quotation marks omitted). The party seeking equitable tolling "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (internal quotation marks omitted). This is a "high threshold." *Id.*

Here, the second element is undisputedly absent. "An extraordinary circumstance must be an 'external obstacle to timely filing,' meaning beyond a litigant's control." *Williams v. United States*, No. 17-cv-783 (JEB), 2017 WL 11493266, at *6 (D.D.C. Nov. 1, 2017) (quoting *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 256 (2016)). Barnes himself told the DEA that he had been writing to it "since 2012" to get his funds back, showing that he was aware of the DEA's forfeiture basically since it occurred. *See* ECF No. 19-5 at 5. And any doubt that Barnes knew that he had a potentially actionable claim and had the ability to pursue it before the statute of limitations ran is dispelled by his 2015 lawsuit in the Court of Federal Claims, in which he sought to recover the funds in question here. *See* ECF No. 19-1 ¶ 20; *Barnes*, 122 Fed. Cl. at 582. Further, even if the pendency of the Court of Federal Claims action supported equitable tolling—though it does not, *see Young v. SEC*, 956 F.3d 650, 655–57 (D.C. Cir. 2020); *Williams v. Perdue*. --- F. Supp. 3d ----, 2020 WL 1892045, at *9–10 (D.D.C. Apr. 16, 2020)—that case

was dismissed in July 2015, giving Barnes more than a year to sue before the statute of limitations expired. *See Barnes*, 122 Fed. Cl. 581. Thus, equitable tolling is unavailable here.[5]

## IV.    Conclusion and Order

For all these reasons, it is hereby **ORDERED**, *nunc pro tunc* and for excusable neglect shown, that the U.S. Attorney for the District of Columbia's motion for an extension of time to answer or otherwise respond to Barnes's complaint is **GRANTED**. It is further **ORDERED** that the U.S. Attorney and the DEA's Motion to Dismiss and for Summary Judgment, ECF No. 19, is **GRANTED**; the undisputed facts entitle them to summary judgment because Barnes's claim against them is time barred.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 20, 2022

---

[5] Even if Barnes's claim were not timed-barred, his claim against the U.S. Attorney would likely be subject to dismissal for failure to state a claim because his operative complaint—and all his other filings, for that matter—lacks factual allegations that would permit "the court to draw the reasonable inference that the [U.S. Attorney] is liable for," or even has any meaningful connection to, the allegedly wrongful forfeiture. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And his claim against the DEA likely would fail on the merits for the reasons argued in Federal Defendants' motion. *See* ECF No. 19 at 17–22.